## STATE vs. BISHOP.

If a defendant in an action before a Justice of the Peace be indicted for perjury in his testimony, given in support of his book account, exhibited against the plaintiff in the action, and it appear that on a final hearing of the cause before the Justice, the defendant withdrew his book account, so that it could not have been taken into consideration by the Justice in rendering judgment, the plaintiff in such action is a competent witness on trial of the indictment, having no interest in a conviction.

One count is sufficient in such indictment, and may embrace all the particulars in which the respondent swore falsely.

If in such indictment it be stated that the perjury was committed on the trial of the *cause or issue*, it will not vitiate the indictment; nor is it necessary in such indictment to set forth the particular interrogatories which were put to the respondent.

Rutland,
June,
1797.

THIS was an indictment for perjury.

Francis Goodrich had brought an action on book against George Bishop before Justice Osgood; on the trial of which, Bishop produced his book, containing certain charges against Goodrich, the plaintiff in the action, and thereupon the interrogatory oath was administered by the Justice to Bishop, and he swore fully and circumstantially to the articles charged on his book, when the Justice's Court was adjourned to a future day.

At the adjourned Court, Goodrich produced witness to disprove that which Bishop had sworn to on the former hearing.—Upon which Bishop withdrew his book, and judgment was rendered by

the Justice in favour of Goodrich for the amount of his demand, without any defence on the part of Bishop.

This indictment was found against Bishop for perjury in his testimony, which he gave on the first hearing of the cause, in support of his book account which he then produced, and which he withdrew on the subsequent hearing.

Bishop pleaded not guilty to the indictment.

In support of the facts charged in the indictment, the attorney for the State produced Goodrich as a witness.

The counsel for the respondent took exceptions to the competency of the witness, on the ground that he was the person injured by the perjury, if it had been committed, and by the statute would be entitled to treble damages, should Bishop be convicted.

*By the Court.* Where a person is interested in the conviction as where it may be a mean of reversing a judgment rendered against such person, or of restoring him to something which he may have lost by the perjury, he is not a competent witness. But, if he cannot be a gainer by the conviction, his having been a party to the suit in which the perjury is charged to have been committed, and even his having been in danger of losing by the false oath, is not sufficient to exclude him as a witness.

In the present case, a conviction cannot effect the judgment before the Justice, nor entitle Goodrich to damages; for the judgment was rendered in favour of Goodrich against Bishop, not because the testimony of Bishop was considered to be false, but because Bishop on a final hearing of the cause withdrew his book account, which on the first hearing of the cause he had produced in offset of the plaintiff's demand. There was nothing then before the Court to which the testimony of Bishop related. The objection to the witness in this case goes only to his credibility—not to his competency.

Coodrich was sworn with other witnesses, on whose testimony the Jury found the respondent guilty.

D. *Chipman*, counsel for the respondent, moved in arrest of judgment for the insufficiency of the indictment, on the following grounds:—

*Rutland,*
June adj'd
term, 1797.

State
*vs.*
Bishop.

16

*Rutland,*
*June adj'd*
*term, 1797.*

*State*
*vs.*
*Bishop.*

First.—The respondent is charged in the indictment, containing only one count, with perjury in his testimony, relating to three separate and independent matters.

Secondly.—There is a want of certainty in the indictment. The perjury being charged to have been committed on the trial of the cause *or* issue before the Justice, and in another part of the indictment, on trial *or* in offset to the plaintiff's book.

Thirdly.—The questions to which the answers are said to have been made are not set forth.

It was insisted by the counsel for the respondent, that as the perjury charged to have been committed, related to separate articles of charge on the respondent's book, he could not be charged for the perjury in one count of an indictment, any more than he could be charged in one count with separate and independent crimes.

That if the answers to the interrogations relating to different articles were false, there were so many different perjuries committed.

That this ought the rather to be insisted on in this case, as the statute gives, on conviction, an action for treble damages to the party aggrieved. In this case the Jury might have considered the respondent guilty in one particular only, and yet find him guilty generally : This gives the party aggrieved a right to treble damages for the whole—whereas the right to treble damages ought to be limited to the effects of the perjury, which may not be the case here. Three different perjuries committed on the trials of three different actions might as well be joined in one count.

It was further insisted that the disjunctive *or*, to wit, on trial of the cause or issue, introduced a fatal ambiguity. It left it uncertain whether the oath was administered and the party examined, on the trial of some issue, previous to the auditing of the accounts in dispute, in which case the Justice had no authority to administer an oath to the parties, or whether it was administered on auditing the accounts.

That the same disjunctive *or* in another part of the indictment introduced the same ambiguity, to wit, on trial of the plaintiff's book *or* in offset of defendant's book.

It was further insisted that the indictment should have set forth the questions to which the answers, in which the perjury is charged

to have been committed, were made, that it might be seen whether they related to matters material in the case.

*Rutland,*
June adj'd
term, 1797.

State
*vs.*
Bishop.

*Spencer* and *C. Smith* in support of the indictment. All the perjury committed under the same oath on the same trial or hearing, constitutes but one crime. Different counts are indeed in such case frequently found in the same indictment; but they are inserted for the purpose of varying the statement of the same accusation, that some one count at least may contain a statement of facts as they may appear on trial.

As to the second exception, they cor⁺ended that there is not that ambiguity which has been insisted on by the counsel for the respondent. If words which are synonymous are coupled by the disjunctive *or,* it is explanatory only—it cannot vitiate. That is the case here. In both instances there is a reference to the whole proceeding on the trial before the Justice, where no particular issue was joined—a case where no particular issue, by law or practice, is ever joined. The expression, *on trial or issue,* relates not to a trial or issue as technically understood in counts of record, but to the whole matters then to be determined.

As to the third exception, they insisted, that the nature of the oath is set forth, and it appears to have been legally administered. That the matters sworn to, in which the perjury is charged to have been committed, are well set forth. To set forth the particular questions to which the respondent made answer, with the manner of their being put, would at least be superfluous.

*By the Court.* There can be no foundation for the first exception, that the respondent is in one count in the indictment, charged with perjury, in swearing falsely in relation to several separate and distinct facts. This is not a charge of separate and distinct crimes : If it is, there might be so many different prosecutions commenced, and so many distinct punishments inflicted in consequence of a single oath, and false swearing under that oath, which would be new, and even absurd.

Different counts might have been introduced, varying the statement of the testimony of the respondent, to meet the evidence which might be given on trial; and for this purpose only are different counts inserted in an indictment for perjury.

As to the second exception, it is well known in law and practice,

*Rutland,*
*June adj'd*
*term, 1797.*

State
*vs.*
Bishop.

that no issue, technically speaking, is joined before Justices of the Peace. The cause at large, if we may so say, is at issue, and the Justice proceeds on the whole merits of the case. On the issue, and, on trial of the cause are, as has been well observed, synonymous.—The particle *or* therefore does not in either case introduce any ambiguity.

As to the third exception, that the perjury is charged to have been committed in answering certain interrogatories, and the interrogatories are not set forth: We do not think it necessary in such case to set them forth. Interrogatories are intended to draw out the testimony to the proper points; and it is sufficient, if the answers which are the act of the witness as set forth, appear to be to a point material on the trial.

The respondent takes nothing by his motion.