ASA ALDIS, Ex'r of SANFORD GODCOMB, vs. JUSTUS BURDICK. CHITTENDEN, January 1836.

A substantial compliance with Judge Chipman's forms of levy of an execution
on real estate is sufficient to pass the title, and a literal compliance will not
be required.

If a tenant of the debtor be in possession of land at the time of the levy of exe-
cution, and he continue in possession until the expiration of six months, and
the land is not redeemed, he becomes the tenant of the creditor and the title
all along is so far the same, that as between the debtor and creditor there is
no adverse possession.

If there were an adverse possession it will not render void a conveyance by
the marshall of the United States, such conveyance not coming within the
intent of the statute, avoiding conveyances by reason of adverse possession.

If an executor or administrator declare on his own seizin, in an action of
ejectment he must prove his appointment as a part of his title, but not so
where he declares upon the seizin of his testator or intestate.

This case came into this court upon exceptions taken in the
county court. The action was ejectment for lands in Burlington.
The plaintiff declared upon his own seizin as executor, and the
defendant pleaded the general issue. On trial the plaintiff gave
no evidence of his appointment as executor, and the court held it
unnecessary. Both parties claimed title from one Thaddeus Tut-
tle. The plaintiff relied upon the levy of an executor upon the
land in favor of the United States against Tuttle, and a subse-
quent sale of the land to plaintiff's testator under instructions from
the secretary of the treasury. The levy was dated the 31st day of
March, 1817. The marshall's deed to plaintiff's testator was un-
der date of 4th of August, 1819. It was shown on the trial in the
court below, that at the date of the levy, one Thomas Gill was in
possession of the land as tenant to Tuttle and continued to occupy
until subsequent to the date of the deed aforesaid, and on the 20th
of August, 1819, he in writing formally acknowledged himself
tenant of the land under plaintiff's testator.

The defendant relied upon certain defects in the levy. The
levy was in these words: "Know all men by these presents, &c.

CHITTENDEN,
January,
1836.

Aldis
vs,
Burdick,

It appeared that Gill continued to hold possession of the land until 1824 or 1825.

The plaintiff also gave in evidence copies of regular deeds of conveyance of the land from Tuttle to the defendant through Charles Adams.

The county court rendered judgment for the plaintiff to which decision the defendant excepted and brings the case here for revision.

*C. Adams for Defendant.*—I. Plaintiff was not entitled to recover without the will as part of his title.—Ex. *Tucker* vs. *Starks*, Bray. 98.—*Clapp, Ad.*, vs. *Beardsley*, 1 Vt. 151.—*Seymour, Ad.*, vs. *Beach*, 4 Vt. 493.

II. And was avoided by adverse prossession.—*Blake* vs. *Howe*, 1 Aik. 306.

III. Plaintiff is barred by the statute of limitations.

1. Statute limitations extends to government as well as individuals.—*State* vs. *Weeks*, 4 Vt. 216.—5 Bar. Ab. 559.—*M. Clung* vs. *Silliman*, 3 Pet. 278.

2. The exemption does not extend to the United States.

3. The exemption is confined to original liabilities and does not extend to cases where the government succeeds to rights of individuals.—*United States* vs. *Bradford*, 3 Pet. 29.—*King* vs. ———— 6 Price Petersdorf.

IV. The levy of the execution was void.—*Smith* vs. *Runnels and Hunt*, 1 Vt. 148.—*Waterford* vs. *Brookfield*, 2 Vt. 200. —*Reading* vs. *Weathersfield*, 3 Vt. 349.—*Galusha* vs. *Sinclair*, 3 Vt. 394.—*Dodge* vs. *Prime*, 4 Vt. 191.—*Metcalf* vs. *Gillett*, 5 Con. 400.—*Mitchell* vs. *Kirtland*, 7 Con. 229.—*Coe* vs. *Stow*, 8 Con. 536.—*Cady* vs. *Knapp*, 2 Mas. 754.—*Whitman* vs. *Tyler*, 8 Mas. 284.—*Williams* vs. *Amory*, 14 Mas. 20.

*Mr. Maeck for plaintiff.*—1. The levy is substantially according to the established and approved form, and though the officer does not state that *he* administered the oath, yet the court will intend, that it was administered by the proper officer.—*Eastman* vs. *Curtis*, 4 Vt. Rep. 616.

So the officer having returned that the appraisers were mutually chosen by the *parties*, it does not lie in the mouth of the debtor, or of one claiming under him, to object that the appraisers were not duly appointed. If Tuttle was satisfied of the authority of the person assuming to act in behalf of the plaintiff, his grantee is bound by his acquiescence, and the court will not inquire who acted for the United States, especially as the the government has

CHITTENDEN,
January
1836.

Aldis
vs.
Burdick.

recognized and adopted the act of the agent by conveying the land.

2. The conveyance to the plaintiff's testator appears to have been made in conformity with the provisions of the act of congress.—1 Story's U. S. Laws, 775.

3. All Tuttle's rights, both legal and equitable, being transferred by the levy to the government, and their grantee, the tenant of Tuttle might lawfully attorn to the grantee, and without proof of snch attornment, it would yet be presumed, because possession is always *prima facie* subordinate to the legal estate. But if the possession of Gill is to be treated as adverse, yet as the statute does not run against the government, the computation of the fifteen years must begin at the time of the conveyance to Godcomb, and so the limitation had not run at the commencement of the action, nor was the deed from the marshall to Godcomb void by reason of the adverse possession, for in Vermont a deed is not avoided by adverse possession, but by force of the statute, and by that statute the government is not bound.

4. Upon not guilty, the executor need not show his authority. *Clapp* vs. *Beardsley*. 4 Vt. Rep. 151; *Prop. Soc.* vs. *Pawlett*, 4 Pet. U. S. R. 480; case of *Clapp* vs. *Beardsley*, 1 Vt. 151.

The court decide that the appointment of an administrator or executor cannot be questioned under the general issue; but it does not appear by that case whether the plaintiff declared on his own seizin or that of his intestate. It must have been on that of his administrator or the case is not law. For the law has been long well settled that if an administrator or executor declares in ejectment on his own seizin as in this case, he must show his appointment as a part of his title as much as if he claimed by deed from the testator. This distinction is recognized in all the books, and is adverted to by judge Mattocks with approbation in the case of *Barrett* vs. *Vaughn*, 6 Ct. 243.

The opinion of the court was pronounced by

REDFIELD, J.—The counsel in this case seem to have expected that the questions raised upon the merits of the case should be considered and decided by the court in order to dispose of the case, notwithstanding the court might be inclined against the decision of the county court, upon the question of not requiring the plaintiff to prove his appointment as executor under the general issue.

The levy is first objected to as being void. It is said the officer's return does not show that the appraisers were legally appointed. The words of the return are, that the appraisers were " mu-

CHITTENDEN,
January,
1836.
────
Aldis
vs
Burdick.

tually chosen and agreed on by the parties." The statute requires that when the appraisers are appointed through the agency of the parties, each party should select one appraiser and that they shall agree upon the third. Here they agree upon the three, who possess all the requisite qualifications. This is not only a substantial but a literal compliance with the statute. For if the party agree upon an appraiser he chooses him, so that each party, instead of choosing one appraiser, chooses two, and they agree upon the third. This was expressly decided in *Eastman* vs. *Curtis*, 4 Vt. 616. But it is said the United States, being a party to this levy, the return of the officer cannot be true, since no one appears to have been authorized to act on their behalf, and having no personal existence, they could not act of themselves directly and immediately. There can be no doubt congress might have appointed an agent for this purpose. The secretary of the treasury would have been authorized to act in this matter. And even if the district attorney be considered in the light of the attorney of record in actions between personal parties, and not on that account agents of the party for the purpose of the levy, still it being possible that the United States should have acted in this way, we consider the legal intendment that they did so act. And it is not now in the power of the judgment debtor or his grantee, after having acquiesced in the authority of whomsoever claimed to act as agent, and proceeded with the levy without objection, to avoid the levy by showing, out of the record, a want of authority in the agent, the United States having all along acquiesced in the sufficiency of the agent's authority.

It is further objected that the appraisers were not properly sworn. The return is in these words : " sworn in due form of law." The expression found in judge Chipman's forms, in this respect, is very similar, " sworn according to law." These forms have, by repeated judicial determinations, been declared sufficient, and the departure here is too immaterial to warrant any distinction. The phrases, " in due form of law," and " according to law," must surely be equivalent. And the legal intendment of both is, that the proper oath was administered by the proper officer. Such have been the decisions in this state. This disposes of all the objections urged against the levy.— *Cleveland* vs. *Allen*, 4 Vt. 176.

No objection is taken to the form of the deed given by the marshall to plantiff's testator. It is admitted to be in compliance with the requirements of the statute of May 7, 1800, then in force. But it is objected that the marshall's deed was void by reason of an ad-

CHITTENDEN,
January,
1836.

Aldis
vs.
Burdick.

verse possession; the tenant of Tuttle having all along continued to occupy the premises. The possession of Tuttle or his tenant cannot in any sense be considered adverse to the levy, but after the six months has expired must be held to be only in subordination to the levy. So that at the time of the levy, Gill was in possession as the tenant of the United States. The fact of his not having then attorned makes no difference. Nor does his subsequent attornment in any way affect the relation, which by operation of law had already been created between Gill and the United States. After the expiration of the six months given for redemption, the law casts the seizin upon the creditor without any act on his part and gives him the possession of the debtor or his tenant with an immediate right of entry. And the debtor or his legal representatives, remaining in possession, are made liable for rents for the whole time. It would then be absurd to hold that the debtor's possession was adverse to that of the creditor, when the title and possession of both is identical.—Rev. Laws. Chap. 28, Sec. 6.

The fact too that the conveyance by the marshall is a conveyance by operation of law and not by contract between the parties, clearly puts the case out of the statute. This point has been decided in relation to conveyance by the levy of an execution, while there was an adverse possession, and holds equally not only as to this case, but all cases where the title is transferred by operation of law. The statute in terms is confined to conveyances between party and party by their own contract and consent. It declares the deeds, bargains, &c. void.—*Farnsworth* vs. *Converse et al.* 1 D. Chip. 120.

It is apparent too that the statute of 1807, as its title imports "To prevent fraudulent speculations" &c. could never have been intended to affect a conveyance in any form either by the state or United States government. The sovereignty either entire, or as in case of the United States, the sovereignty *sub modo*, being so clearly not within the mischief to be remedied or the import of the statute, ought not to be affected by it.

This disposes of another point which was insisted upon at bar, that the plaintiff's title was barred by the statute of limitations. There being no adverse possession shown, the title would not be affected by the statute of limitations.

The only remaining question is whether the plaintiff declaring on his own seizin is bound to show his appointment as executor and the probate of the will under the general issue. And we have

CHITTENDEN,
January,
1836.
———
Aldis
vs.
Burdick.

no doubt he is. When an executor or administrator declares upon his own seizin in that capacity he is bound, even under the general issue, to show his appointment as a part of his title, in order to make out his case.—*Mearsfield* vs. *Marsh*, 2 Ld. Ray. 824, *Hunt* vs. *Stevens*, 4 Camp. 272, Saund. Rep. 47.

When plaintiff declares on a seizin, in ejectment, in the life time of his testator or intestate, and the defendant pleads the general issue, plaintiff is not bound to show his appointment. And if the defendant would drive him to that, he must plead speacially *ne unques* &c.

In the case of *Clapp, Administrator*, vs. *Beardsley*, 1 Vt. 151, it is decided generally that in ejectment on the general issue, the plaintiff who serves as executor or administrator is not bound to show his appointment. The case does not show whether the plaintiff counted upon his own seizin or that of his intestate. It was upon that of his intestate or the case is not law. For this cause the defendant is entitled to a new trial.

The probate of the will and appointment of the executor in due form being produced, judgment was affirmed.