# SUPREME JUDICIAL COURT

### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1856, AT LENOX.

PRESENT:

Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } JUSTICES.
Hon. PLINY MERRICK,

---

## COMMONWEALTH *vs.* DANIEL JOHNS.

One good assignment of perjury will support a general verdict of guilty, although the other assignments in the indictment are defective.

An indictment sufficiently charges perjury on the trial of a material question, by averring that upon a certain trial it became and was a material question whether certain chattels sold by the defendant to another person were so sold " in part payment for " a certain debt " or in part payment for " a certain other debt; and that the defendant falsely swore that they were so sold in part payment of the debt first named; without adding any thing about the other debt.

An indictment for perjury may embrace in a single count all the particulars in which the defendant is alleged to have sworn falsely.

An indictment for perjury, by averring that upon a certain trial " it became and was a material question, whether " a certain fact was as stated, " whether " a certain other fact was as stated, " whether " a certain third fact was as stated, sufficiently states that each of the three questions is material, although neither the word " and " nor " also " is inserted between them.

INDICTMENT for perjury at the trial of an action before a jus-tice of the peace, between Benjamin Baldwin as plaintiff and Frederick Abbey as defendant.

The indictment alleged that, upon said trial, " it became and was a material question whether a certain cow was bought of one Gordon Joiner by the said Benjamin Baldwin or by the said Daniel Johns ; whether certain gravestones purchased by said Baldwin of said Johns were sold by said Johns to said Baldwin in part payment for the purchase money paid for the cow bought of said Joiner or in part payment for a previous indebtedness of said Johns to said Baldwin for another cow ; whether said Johns, when he drove home said cow, purchased of said Gordon Joiner, stopped at North Egremont and then and there agreed with said Benjamin Baldwin, in presence of Ephraim Baldwin, to receive said cow of him on the following terms, viz : that the cow should continue and be the property of the said Benjamin until the said Johns had paid him what was previously owing said Benjamin from said Johns and thirty dollars for said cow."

The indictment then alleged that the defendant, upon said trial, swore " in substance as follows : ' I,' meaning the said Johns, ' bought the cow myself of Gordon Joiner. The cow,' meaning the cow purchased of said Joiner, ' was my property,' meaning the property of the said Johns. ' I,' meaning the said Johns, ' drove the cow,' meaning the cow purchased of Joiner, ' home, and never stopped at the corner,' meaning North Egremont, ' at all. I,' meaning the said Johns, ' did not see or speak to Benjamin Baldwin nor Ephraim Baldwin nor any other person at all, on my way home with the cow,' meaning the cow purchased of said Joiner, ' nor make any bargain with Benjamin Baldwin there,' meaning at North Egremont, ' about the cow. I,' meaning the said Johns, ' sold Benjamin Bald-win the gravestones to apply in part payment of the purchase money I had of him to buy the Joiner cow with,' meaning the cow purchased of said Joiner. Whereas in truth and in fact the said Johns did not buy the cow himself of Gordon Joiner : the cow purchased of said Joiner was not the property of the

said Johns; the said Johns did, when he drove home the cow purchased of said Johns, stop at North Egremont, and did speak to Benjamin Baldwin, in presence of Ephraim Baldwin, and did make a bargain with said Benjamin Baldwin at North Egremont about said cow, to wit, did then and there agree with said Benjamin Baldwin to receive and keep said cow as the property of said Benjamin till he, said Johns, had paid said Benjamin what he then owed him and thirty dollars more for said cow; and the said Johns did not sell said Benjamin Baldwin said gravestones to apply in part payment of the purchase money had by said Johns of said Baldwin to buy said Joiner cow with."

The defendant, after trial and conviction in the court of common pleas, moved in arrest of judgment. *Bishop,* J. overruled the motion, and the defendant alleged exceptions.

*J. Price,* for the defendant, upon the sufficiency of the fourth assignment of perjury in the indictment, (which was the only one which the attorney general attempted to support,) argued that it was repugnant, inconsistent and uncertain, because the indictment, at most, only alleged that it became and was a material question whether certain gravestones were sold in part payment for the cow bought of Joiner or in part payment of a previous indebtedness, that is to say, whether the gravestones were sold in part payment of one of these two debts, or in part payment of neither of them, whereas the fourth assignment of perjury did not show that the gravestones were not sold in part payment of such previous indebtedness; and further, that the averment that " it became and was *a material question* " was only an averment that one question became material, and could not, without additional words, be extended to any question except the first stated; and that the indictment was therefore fatally defective.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

Metcalf, J. When any one distinct assignment of perjury, in an indictment for that offence, is well made, and the defendant is found guilty, he must be sentenced on his conviction, however defective the other assignments may be. This is the settled law. *Regina* v. *Rhodes,* 2 Ld. Raym. 887. *State* v.

*Hascall,* 6 N. H. 358. *De Bernie* v. *State,* 19 Alab. 23. If therefore we find the last assignment, in this case, to be sufficient, we shall not need to decide upon the sufficiency of either of the other assignments.

The indictment alleges that, upon the trial before the justice, " it became and was a material question whether certain gravestones, purchased by said Baldwin of said Johns, were sold by said Johns to said Baldwin in part payment for the purchase money paid for the cow bought of said Joiner or in part payment for a previous indebtedness of said Johns to said Baldwin for another cow." The indictment then alleges that the defendant, on said trial, swore thus : " I sold Benjamin Baldwin the gravestones to apply in part payment of the purchase money I had of him to buy the Joiner cow with." And the assignment of the perjury, on this point, is thus : " The said Johns did not sell said Benjamin Baldwin said gravestones to apply in part payment of the purchase money had by said Johns of said Baldwin to buy said Joiner cow with." This, we think, is a good assignment of perjury committed by the defendant, on the trial of a question alleged in the indictment to have been material. In legal, as well as in grammatical construction of the indictment, that question is not, as contended for the defendant, whether the gravestones were sold in part payment of one of the two debts specified, or of neither ; but the alternative is, whether they were sold in part payment of the one, or in part payment of the other. The averment, that the defendant falsely swore that they were sold in part payment of the first, is therefore sufficient.

It is not a valid objection to this indictment, that it embraces, in a single count, all the particulars in which the defendant is alleged to have sworn falsely. See 4 Wentw. 273, 274 ; 2 Chit Crim. Law, 353 ; *State* v. *Bishop,* 1 Chip. 120.

But it is objected that the indictment is bad, because it does not allege that more than one question became material—it being alleged that " it became and was a material *question,* whether a certain cow was bought " &c. ; " whether certain gravestones " &c. ; " whether said Johns, when he drove the cow," &c. —

whereas it ought to have been alleged that certain *questions* became material, to wit, whether a certain cow was bought &c.; *and also* whether certain gravestones, &c. ; *and also* whethe*t* said Johns, when he drove the cow, &c. Upon examining the precedents, we find no uniformity in this matter. The usual form, when more than one question is relied on as material, is to aver that certain *questions* became and were material, to wit, whether, &c., *and* whether, &c., or *and also* whether, &c. But this form is nowhere said to be essential ; and the precedents show that an indictment is deemed sufficient, if it clearly avers that several matters were material on the trial in which the defendant testified, and that he committed perjury in his testimony concerning them or any of them. In 4 Wentw. 240, the form is, that " it became a necessary *question* whether," &c., " *and also* whether," &c., " *and* whether," &c. The same form was used in *Rex* v. *Leefe*, 2 Campb. 134, and in *Regina* v. *Dunn*, 1 Car. & Kirw. 732, *note.* In the former case, the indictment alleged that the defendant " deposed touching the said materia*i* *questions ;* " and his eminent counsel took no exception to the indictment. He was acquitted on other grounds. But in *Regina* v. *Dunn* the defendant was convicted and sentenced. This point came before the court of queen's bench, on a writ of error, in 1840, but was not decided ; the judgment being reversed on other grounds. Coleridge, J. said, however, (what we also say,) this is a mode of stating the material questions, which is not to be recommended." *Regina* v. *Burraston,* 4 Jurist, 697, 698, and cited in 2 Russ. on Crimes, (7th Amer. ed.) 641, 642.

Now if, when the averment is that " a question " became material, several questions may be well set forth, by using the copulative conjunction, why may this be done ? Because, on the face of the indictment, it is manifest to every reader who is at all acquainted with the laws of our language, and is certain to a legal intent, that more than one question is alleged to have become material, and that the word " question " is to be applied, distributively, to each of the several questions. And we deem the same equally manifest, on the face of this indictment, with-out any connective particle between the questions.

*Exceptions overruled.*